Ronnie Stinson
13615 Menlo Street
San Leandro, CA 94577
soisx440@gmail.com
(510) 472-7255 Phone
In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE STINSON, an individual, | Civil Action No. |
| Plaintiff, | C 23 04858 SI |
| v. | |
| ALLEN NEJAH, an individual, ASH TONKA, an individual, RICHARD J. HONG, an individual, LUNY LA'O, an individual and DOES 1-10. | |

## Complaint

Plaintiff, Ronnie Stinson, and as and for his **complaint**, alleges:

## PARTIES

1. Plaintiff, Ronnie Stinson (hereinafter Plaintiff/Stinson) is an individual currently residing at: 13615 Menlo St. San Leandro, CA 94577

---

1
COMPLAINT

2. Defendant, ALLEN NEJAH, is upon information and belief, an individual currently residing at 1379 Ludy Avenue Suite 236 - San Jose, CA 95131

3. Defendant, ASH TONKA, is upon information and belief, an individual currently residing at 36 Greenleigh Drive - Sewell, New Jersey 08080

4. Defendant, RICHARD J. HONG, is upon information and belief, an individual currently residing at: USPTO - P.O. Box 1450 Alexandria, Virginia 22313-1450

5. Defendant, LUNY LA'O, is upon information and belief, an individual currently residing at USPTO - P.O. Box 1450 Alexandria, Virginia 22313-1450

6. Upon information and belief, Defendants transacts or has transacted business within this judicial district for its individual gain and benefit, and is subject to the jurisdiction of this Court, having entered into contracts and conducting business within Santa Clara County.

7. Upon information and belief, Defendants colluded together to steal my invention within this district

## JURISDICTION AND VENUE

8. This is a **complaint** for patent **infringement** arising under the patent laws of the United States, Title 35 of the United States Code. This complaint also involves claims for patent infringement arising under the patent laws of the United States, Title 38, United States Code and this court has jurisdiction over those claims under 28 U.S.C.A. § 1338 which directs that District Courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.

9. This Court has jurisdiction over the claims Plaintiff is asserting under 28 U.S.C. § 1338 and venue is proper under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10. After considerable effort by inventors, Ronnie Stinson, both officers of [name of plaintiff], a new design for Flashpoint was conceived and reduced to practice. After successfully building and testing the new design for Flashpoint, Ronnie Stinson, through its attorney, prepared and filed U.S. Design Patent Application **Serial No. 16 873 859**, on July 07, 2020 in the U.S. Patent and Trademark Office to protect the new design for Flashpoint. The aforementioned application was entitled "Flashpoint."

11. After a thorough examination by a patent examiner in the U.S. Patent and Trademark Office and a subsequent interview with the examiner and amendment of the drawings, the application was issued by the U.S. Patent and Trademark Office on November 2, 2021 as U.S. Design Patent **No. 11 164 495 B1** (Hereinafter 'abbreviated number of design patent] design patent'). A copy of the Issued Design Patent is attached hereto as **Exhibit A**

12. After filing of the design application, but prior to its issuance, on or about, July 31, 2020 Ronnie Stinson's general manager, Allen Nejah, attended the Sun Man Engineering Conference in San Jose, CA. At this event, Allen Nejah discovered a design of a product displayed by Sun Man Engineering named the Field-Programmable Mounted Display Apparatus. A copy of Allen Nejah marketing material showing the Field-Prommable Mounted Display Apparatus [Flashpoint] is attached hereto as **Exhibit B.** After examining the design of the Field-Prommable Mounted Display Apparatus [Flashpoint], Ronnie Stinson determined that it was a copy of its new design for [Flashpoint]. On March 6, 2023, attorney Ash Tankha, submitted a Preliminary Infringement Report to Ronnie Stinson. This report was to determine if K-Joy Bluetooth App Control LED and Rayhome Scrolling Huge Bright Advertising LED Sign infringed upon Plaintiffs new design for the Field-Programmable Mounted Display Apparatus. However, Attorney Ash Tankha requested that Plaintiff find more evidence against K-Joy Bluetooth App Control LED and Rayhome Scrolling Huge Bright Advertising LED Sign. However, Plaintiff, Ronnie Stinson discovered that these companies infringed upon his first patent Flashpoint Design #:**16 873 859** and was under the belief that attorney Ash Tankha had filed a cease and desist letter to the above companies informing them of their infringement upon plaintiffs design. A copy of the Infringement Report's are attached hereto as **Exhibit C.**
Mounted Display Apparatus was duly and legally issued to Plaintiff Ronnie Stinson (hereinafter the "patent-in-suit"), a copy of which is annexed hereto as **Exhibit A.**

14... Plaintiff is the owner of rights in the patent-in-suit sufficient to bring this action.

15. On July 27, 2020 Ash Tankha became my patent attorney. On October 23, 2021 Allen Nejah of Sunman Engineering. Plaintiff signed a disclosure, I gave Allen Nejah $4,000 for a prototype design on October 26, 2020. I rejected the taxi cab, lift, and uber. All are Id designs. On February 11'", 2021, my niece Kalila Rafa emailed Allen Nejah and asked for my money back, because I didn't like the changes he made to my patent. When I received a notice of termination on August 17, 2020, there were changes that I did not accept, which I never received an answer from my attorney Ash Tankha, who have stated that he have rewritten my patent Application #16/873,859, My original patent became abandoned so their investors could purchase it later. They gave me a new application **No. 11 164 495 B1,** it is the same patent that I rejected from Allen Nejah which is proof that he colluded wit Attorney Ash Tankha and also the United States Patent Office (USPTO) Examiner Richard J Hong and Luny La'o Examiner Supervisor. The evidence will show the Defendant's colluded together to steal my application.

## COUNT I

PATENT INFRINGEMENT
16. Plaintiff repeats and re-alleges Paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. On information and belief, Defendants have infringed the patent since it issued by making, using and/or selling **Flashpoint** covered by the claims of said **Patent No. 16 873 859** in the United States and specifically in this Northern District of California ("the accused products"), and will continue such infringement unless enjoined by this Court.

OR

Based upon information and belief, [name of defendant] has an inventory of its [name of trademark] [name of product] and has and will continue to sell the [name of trademark] [name of product] to distributors and customers across the United States. In turn, these distributors and customers have resold and/or used the infringing design [name of trademark] [name of product]

## COUNT 2
## FRAUDULENT REGISTRATION OF COPYRIGHT [17 U.S.C.A. §§ 101 ET SEQ.]

18. Plaintiff repeats and realleges Paragraphs 1 through 17 of this complaint as if fully set forth herein.

19. Defendant, *[name of defendant]*, currently holds U.S. Copyright Registrations *[list of copyright registrations]* for the *[type of copyrightable material]*. Defendant acquired U.S. Copyright Registrations *[list of copyright registrations]* by representing to the U.S. Copyright Office:

    a. that it created the *[identification of copyrighted material]*;
    b. that the *[identification of copyrighted material]* were created as a work for hire for Defendant;
    c. that copyright in the *[identification of copyrighted material]* had been conveyed to Defendant;
    d. that Defendant owned the copyright in the *[identification of copyrighted material]*;
    e. that the *[identification of copyrighted material]* were eligible for copyright protection;
    f. that the *[identification of copyrighted material]* were not in the public domain;
    g. that the *[identification of copyrighted material]* had not been published in the United States without copyright notice prior to *[date of publication]*;
    h. that *[name of defendant employee]* was its president and chief executive officer, and was authorized to execute and submit the Copyright applications under oath to the Copyright Office.

However, in fact:

    a. Defendant did not create the [identification of copyrighted material];
    b. the [identification of copyrighted material] were not created by any person employed by or hired by Defendant at the time of creation;
    c. copyright in the [identification of copyrighted material] was not conveyed to Defendant;
    d. Defendant has not at any time owned the copyright in the [identification of copyrighted material];
    e. the [identification of copyrighted material] were not eligible for copyright protection in the United States;
    f. the [identification of copyrighted material] were in the public domain in the United States;
    g. the [identification of copyrighted material] were published in the United States without copyright notice prior to [date of publication], and Defendant did nothing to cure the [name of copyright] publication without notice; and
    h. at all relevant times, Defendant was not entitled to hold the position of president and chief executive officer of Defendant, and was not authorized to execute and submit the Copyright applications under oath to the Copyright Office on behalf of Defendant.

20. In its applications, Defendant willfully, knowingly, purposefully and intentionally omitted and failed to disclose the material facts in the preceding paragraph to the U.S. Copyright Office.

21. In reliance on Defendant's willful, knowing, purposeful and intentional misrepresentations and omissions, the U.S. Copyright Office issued U.S. Copyright Registrations [list of copyright

registrations] to Defendant. If Defendant had not made those misrepresentations and omissions, the Copyright Office would not have issued the copyright registrations to Defendant for the [name of copyright].

19. Defendant has misused its U.S. Copyright registrations abusively to curtail legitimate competition from others, including Plaintiff.

22. Defendant used its U.S. Copyright registrations to induce Plaintiff to enter into a joint venture with it, and then has abusively asserted those same U.S. Copyright registrations to frustrate and interfere with Plaintiff's legitimate registration and use of its copyright in the United States and other countries.

23. Plaintiff maintains that Defendant owns no valid copyright in any [name of copyright] design.

24. As a direct and proximate result of Defendant's wrongdoing, which was at all times purposeful and knowing, willful and deliberate, Plaintiff has suffered and continues to suffer irreparable harm and damages.

25. Plaintiff respectfully requests entry of judgment declaring that Defendant does not own valid copyrights in the [identification of copyrighted material] claimed in its U.S. Copyright Registrations.

26. Plaintiff is further entitled to injunctive relief directing Defendant to surrender its subject U.S. Copyright Registrations to the U.S. Copyright Office for cancellation.

## COUNT 3
### § 17:120.50. ALLEGATIONS IN COMPLAINT AND DEMAND FOR RELIEF—REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION [17 U.S.C.A. §§ 101 ET SEQ.]

27. Plaintiff repeats and realleges Paragraphs 1 through 26 of this **complaint** as if fully set forth herein.

28. Each Infringing Product featuring the Original Design includes conspicuous copyright management information on the back of the product and on the product packaging, which is conveyed in connection with each Infringing Product and protected under 17 U.S.C.A. § 1202(b).

29. In the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Design without the consent, permission, or authority of Plaintiff, Defendant intentionally removed Plaintiff's copyright management information from the Original Design.

30. Defendant created and sold unauthorized copies of the Original Design with the intent and knowledge that copyright management information had been intentionally removed therefrom.

31. Defendant intentionally removed Plaintiff's copyright management information and distributed the Infringing Design with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

32. By continuing to sell the Infringing Products unabated for months after receiving notice of Plaintiff's copyright claims, Defendant sold unauthorized copies of the Original Design with the

intent and knowledge that copyright management information had been intentionally removed therefrom.

33. By continuing to sell the Infringing Products unabated for months after receiving notice of Plaintiff's copyright claims, Defendant distributed the Infringing Products with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

34. Defendants engaged in these activities without the consent or authorization of Plaintiff.

35. As a result of Defendants' acts, Plaintiff has been damaged. Wherefore, Plaintiff, Ronnie Stinson prays for:

    A. A finding by this Court that Defendants have **infringed** United States Letters Patent No.**16 873 859**;

    B. An award against Defendants for the damages suffered by Plaintiff as a result of Defendants' acts of **infringement** with prejudgment and post judgment interest thereon;

    C. An order enjoining Defendants and their agents, servants, employees and attorneys and all other persons acting in concert or in participation with Defendants from **infringing** Plaintiff's United States Letters Patent No.**16 873 859**;

    D. An award to Plaintiff Ronnie Stinson of attorney's fees, costs and expenses in this action;

    E. That Plaintiff be awarded damages against Defendant as a result of the acts complained of herein;

    F. That Defendant's acts be determined to be willful and as a result, damages be increased to the maximum amount allowed by law;

    G. That an injunction issue enjoining Defendant, its officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with it during the pendency of this action and permanently thereafter as follows:

    H. From any and all acts in infringement of the *[abbreviated number of design patent]* design patent;

    I. Requiring an accounting for profits received by Defendant as a result of the acts complained of herein;

    J. A finding that the Defendants fraudulently registered copyrighted materials;

    K. A finding that the Defendants removal of copyright management information;

L. Directing that all items with designs infringing the *[abbreviated number of design patent]* design patent, complete with their instructions, technical data sheets, and other written literature delivered to Plaintiff for destruction; and

M. That this Court grant such other and further relief as this Court may deem just.

Respectfully submitted,

*[signature]*

Ronnie Stinson
Plaintiff in Pro Per