1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

RONNIE STINSON,

                Plaintiff,

        v.

ALLEN NEJAH, et al.,

                Defendants.

Case No. 3:23-cv-04858-LB

**ORDER DISMISSING COMPLAINT**

Re: ECF Nos. 16, 38, 50

## INTRODUCTION AND STATEMENT

The plaintiff, who is representing himself, alleges that the defendants — the plaintiff's patent attorney Ash Tankha, the plaintiff's general manager Allen Nejah, and USPTO employees Richard Hong and Luny L'ao — infringed the plaintiff's patent and colluded to steal the patent. The complaint reports the alleged events as follows. On July 7, 2020, the plaintiff submitted (through his attorney) a patent application (Serial No. 16,873,859) for an invention called Flashpoint. (The patent issued in November 2021 as U.S. Patent No. 11,164,495.) In late July of 2020, Mr. Nejah attended the Sun Man Engineering Conference in San Jose and discovered a product design named the "Field-Programmable Mounted Display Apparatus." The plaintiff determined that design to be a copy of Flashpoint. (In March 2023, Mr. Tankha submitted a preliminary infringement report to the plaintiff but requested that the plaintiff find more evidence. The plaintiff was under the understanding that Mr. Tankha had sent a cease-and-desist notice.) In October 2020, the plaintiff

gave Mr. Nejah money for a prototype design. In February 2021, the plaintiff's niece asked Mr.
Nejah for the money back because the plaintiff didn't like changes that Mr. Nejah had made to the
plaintiff's patent. (The plaintiff had received a notice of termination of his patent application in
August 2020, at which point there were changes the plaintiff didn't accept. Mr. Tankha had said
he had "rewritten" the patent.) The plaintiff alleges that his "original patent became abandoned so
their investors could purchase it later. They gave me a new application No. 11,164,495 B1, it is
the same patent that I rejected from Allen Nejah which is proof that he colluded with [Mr. Tankha]
and [the USPTO defendants]. The evidence will show the Defendants colluded together to steal
my application."[1]

    The complaint asserts three causes of action: patent infringement (claim one), "fraudulent
registration of copyright" (claim two), and "removal of copyright management information"
(claim three). The court has federal-question jurisdiction. 28 U.S.C. §§ 1331, 1338. The court also
has supplemental jurisdiction over any state claims (liberally construing the complaint). *Id.* §
1367(a). All parties consented to magistrate-judge jurisdiction.[2] *Id.* § 636(c).

    The defendants have moved to dismiss the complaint. The government defendants contend
among other things that the court lacks subject-matter jurisdiction because the United States
(which is the only proper government defendant) has not waived its sovereign immunity with
respect to misrepresentation-based claims. Mr. Tankha argues that there is a binding arbitration
agreement and that the plaintiff fails to state a claim. Mr. Nejah adopts the arguments of the other
defendants.[3] The court can decide the motions without oral argument, N.D. Cal. Civ. L.R. 7-1(b),
and grants them.

---

[1] Compl. – ECF No. 1 at 2–3 (¶¶ 10–15). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Consents – ECF Nos. 12, 14, 19, 30, 44.

[3] Mots. – ECF Nos. 16, 38, 50.

United States District Court
Northern District of California

United States District Court<br>Northern District of California

**STANDARDS OF REVIEW**

### 1. Rules 8(a), 9(b) & 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the claim needs to be plausible, and not the facts themselves. . . ." *NorthBay Healthcare Group, Inc.*, 838 F. App'x at 234 (citing Iqbal, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only

provide defendants with fair notice of her claims and the grounds upon which they rest. *Hearns*,

413 F.3d at 1043. She need not plead specific legal theories so long as sufficient factual averments

show that she may be entitled to some relief. *Id.* at 1041.

Fraud allegations, however, elicit a more demanding standard. "In alleging fraud . . . , a party

must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge,

and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This

means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how'

of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

"The plaintiff must [also] set forth what is false or misleading about a statement, and why it is

false." *Id.* (cleaned up). Like the basic "notice pleading" demands of Rule 8, a driving concern

behind Rule 9(b) is that defendants be given fair notice of the charges against them. *In re Lui*, 646

F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific

enough to give defendants notice of the particular misconduct . . . so that they can defend against

the charge and not just deny that they have done anything wrong.") (cleaned up); *Odom v.

Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the

defendant can prepare an adequate answer").

If a court dismisses a complaint because of insufficient factual allegations, it should give leave

to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook,

Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see

Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to

amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal

theory if given the opportunity").

## 2.   Rule 12(b)(1)

A complaint must contain a short and plain statement of the grounds for the court's

jurisdiction. Fed. R. Civ. P. 8(a)(1). The party asserting jurisdiction has the burden of establishing

jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ass'n of Am.

Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

United States District Court
Northern District of California

United States District Court
Northern District of California

A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). If the defendant mounts a factual attack, he may rely on "affidavits or any other evidence properly before the court," in which case it "becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In such cases, "[t]he district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." *Id.*

Dismissal of a complaint without leave to amend should be granted only when the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## ANALYSIS

The court clarifies some aspects of the complaint at the outset. The first claim for patent infringement does not match the allegations: the makers of the product from the engineering conference are not named as defendants. The plaintiff instead alleges theft of his patent application: he says that his initial application was abandoned and that the issued patent is his attorney's rewritten version (that he did not consent to). This claim of "theft," though, is in a sense contradicted by the issued patent, which names only the plaintiff as the inventor.[4] That said, liberally construing the complaint, it does not present a dispute over inventorship. *Mosaic Sys., Inc. v. Bechtolsheim*, No. C 07-3892-SI, 2007 WL 3022581, at *3–4 (N.D. Cal. Oct. 15, 2007)

---

[4] U.S. Patent No. 11,164,495, https://ppubs.uspto.gov/dirsearch-public/print/downloadBasicPdf/11164495?requestToken=eyJzdWIiOiJmNjc0NTA2OS0xYzNjLTRm NDgtOWY4MC1lYjU4MmFhYzg1NDUiLCJ2ZXIiOiI0ZGVhZGQ4Ny00ODQ0LTQ5ODgtYTU3Y y0zYWMyMTExMTYzZGEiLCJleHAiOjB9. The court can judicially notice public-record documents like a patent and can in any event consider the patent under the incorporation-by-reference doctrine. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (public records); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine).

1    (rejecting an argument that a claim of "patent theft" always entails a dispute over inventorship;

2    "claims of misappropriation of proprietary information, breach of fiduciary duty, and breach of

3    contract did not present a substantial question of patent law where a company sued its former

4    employees and their new company after those employees allegedly divulged proprietary

5    information that was later included in a patent").

6        The court also clarifies the two copyright claims. Although in theory there is a "historic

7    kinship between patent law and copyright law," *Sony Corp. of Am. v. Universal City Studios, Inc.*,

8    464 U.S. 417, 439 (1984), the plaintiff has not identified any copyright infringement. Such a claim

9    would require "copying of the protected elements of [a] work by the defendant." *Unicolors, Inc. v.*

10    *Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Similarly, the plaintiff does not identify

11    any "fraudulent registration of copyright" (claim two). As for "removal of copyright management

12    information" (claim three), the claim requires that the defendant, "(1) without authority of the

13    copyright owner or the law; (2) intentionally removed or altered [copyright management

14    information]; (3) knowing or having reasonable grounds to know that the removal will induce,

15    enable, facilitate, or conceal an infringement of the federal copyright laws." *Frost-Tsuji Architects*

16    *v. Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2014 WL 5798282, at *4 (D. Haw. Nov. 7, 2014).

17    That scenario is not present here.

18        All of this is to say that, liberally construing the complaint, it asserts claims not for patent or

19    copyright infringement but for other claims like misappropriation of trade secrets and breach of

20    fiduciary duty. With that in mind, the court addresses the defendants' arguments for dismissal.

21        The United States correctly contends that it is the only proper defendant under the Federal Tort

22    Claims Act. (The United States has certified, and the plaintiff has not rebutted, that both named

23    USPTO employees were acting within the scope of their employment with the USPTO at the time

24    of the incident at issue.[5] "The Attorney General's certification is prima facie evidence that the

25    federal employee was acting within the scope of his employment, and [the plaintiff] 'bears the

26    burden of presenting evidence and disproving the Attorney General's certification by a

27

28    ———————————
[5] Scope Certification – ECF No. 15.

1   preponderance of the evidence.'" *Snipes v. Wilkie*, No. 18-CV-03259-TSH, 2019 WL 1283936, at

2   *9 (N.D. Cal. Mar. 20, 2019) (quoting *Billings v. United States*, 57 F.3d 797, 800 (9th Cir.

3   1995)).) The court dismisses the individual federal employees and substitutes the United States for

4   them. *See, e.g.*, *Freeman v. United States*, No. 13-cv-02421-WHO, 2014 WL 1117619, at *5

5   (N.D. Cal. Mar. 19, 2014).

6       The issue then is whether the United States has waived its sovereign immunity. "It is

7   axiomatic that the United States may not be sued without its consent and that the existence of

8   consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir.

9   2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the doctrine of

10  sovereign immunity. The Ninth Circuit has explained: "Before we may exercise jurisdiction over

11  any suit against the government, we must have 'a clear statement from the United States waiving

12  sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting

13  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

14      The United States has not waived its sovereign immunity with respect to misrepresentation-

15  based claims. 28 U.S.C. § 2680(h). The plaintiff alleges a collusive scheme of deceit resulting in

16  patent theft. This is a claim based on misrepresentation. *Turner v. United States Postal Serv.*, No.

17  219CV1029KJMKJNPS, 2019 WL 3216894, at *2 (E.D. Cal. July 17, 2019) (treating a claim

18  "that the United States Postal Service 'knew it was a scam when they sold me that Google play

19  card'" as being based in part on misrepresentation). The court thus dismisses the claims against

20  the United States.

21      The court also dismisses the claims against all defendants for failure to state a claim. The

22  plaintiff's theory of theft is self-defeating because nothing was stolen: a patent was issued with the

23  plaintiff as the named inventor. Moreover, because he alleges a collusive scheme, the plaintiff

24  would have to satisfy the heightened pleading requirements of Rule 9(b). *Vann v. Aurora Loan*

25  *Servs. LLC*, No. 10-CV-04736-LHK, 2011 WL 2181861, at *4 (N.D. Cal. June 3, 2011). This he

26  has not done.

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

The court grants the motions to dismiss with prejudice. This disposes of ECF Nos. 16, 38, and 50.

**IT IS SO ORDERED.**

Dated: September 14, 2024

_____

LAUREL BEELER
United States Magistrate Judge